CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 10 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
~~HARRISONBURG~~ DIVISION
ROANOKE

| | | |
|---|---|---|
| JAMES WILLIAMS, | ) | Civil Action No. 7:07cv171 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| MEAD WESTVACO CORP., et. al., | ) | |
| Defendants. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Plaintiff James Williams filed this action against Mead Westvaco Corporation (Westvaco) and two of its employees, Tom Pasidaro and Carson Proffitt, for injuries Williams allegedly suffered after inhaling chlorine dioxide gas while repairing an elevator at Westvaco's premises. He asserts "general negligence," "premises liability," and Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651 et. seq., claims and asserts that the court has federal question jurisdiction under 28 U.S.C. § 1331 because "OSHA provides the foundational requirement for the standard of care that was breached."[1] The court concludes that it lacks subject matter jurisdiction and dismisses.

I.

In order for the court to have jurisdiction under 28 U.S.C. § 1331, the case must arise "under the Constitution, laws, or treaties of the United States."[2] Williams argues that jurisdiction is proper because "OSHA provides the foundational requirement for the standard of care that was

---

[1] Apparently, Williams has retreated to this argument because his complaint alleges that "jurisdiction is appropriate in this matter pursuant to violations of 29 U.S.C. § 651, et seq.."

[2] Since Williams' complaint alleges that Williams, Pasidaro, and Proffitt are all Virginia residents, complete diversity is lacking and there is no jurisdiction under 28 U.S.C. § 1332(a).

breached." The court will not belabor this matter; even if OSHA provides the "foundational requirement" for the standard of care that was breached, the case still does not arise under the laws of the United States and there is no federal question jurisdiction.

The Fourth Circuit has held, and Williams concedes, that OSHA does not create a private right of action, Scarborough v. Aegis Commc'ns Group, Inc., 2000 WL 790965 (4th Cir. 2000) (holding that the district court "correctly determined that there is no private right of action under OSHA"); Byrd v. Fieldcrest Mills, Inc., 496 F.2d 1323 (4th Cir. 1974) (per curiam), and the existence of a private right of action is a "prerequisite for finding federal question jurisdiction." Smith v. Indus. Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) (applying Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804 (1986)). Accordingly, the court grants the defendants' motion.

## II.

For the foregoing reasons, the court grants the defendants' motion to dismiss.

**ENTER:** This 10th day of August, 2007.

UNITED STATES DISTRICT JUDGE

2